IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES REUBEN FUNK, :
         Plaintiff, : 1:18-cv-1250
:
v. : Hon. John E. Jones III
:
THERESA DELBALSO, :
SUPERINTENDENT, MS. CAREY, :
UNIT MANAGER, B BLOCK, :
         Defendants. :

## **MEMORANDUM**

**January 14, 2019**

Plaintiff Charles Reuben Funk ("Funk"), a Pennsylvania state inmate presently housed at the State Correctional Institution at Mahonoy, in Frackville, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania on June 18, 2018. (Doc. 2). The Eastern District of Pennsylvania transferred the action to this Court on June 21, 2018. (Docs. 1, 2, 5). For the reasons set forth below, the Court will dismiss the action for failure to prosecute and failure to comply with a Court Order.

**I.    BACKGROUND**

On November 7, 2018, the Court instructed Funk to file an amended complaint because his initial complaint failed to comply with the Federal Rules of

Civil Procedure. (Doc. 10). Specifically, it included unrelated claims and sought relief not available in a civil rights action. (Doc. 10, citing FED.R.CIV.P. 8, 20). He failed to comply with the Order. The Court issued a second Order on December 3, 2018, affording him a final opportunity to comply with the prior order by filing an amended complaint on or before December 20, 2018. (Doc. 11). The Court notified Funk that his failure to file an amended complaint that complied with the Federal Rules of Civil Procedure would be construed as a failure to comply with a court order. The Court also cautioned him that his failure to respond to the Order would be construed as an abandonment of the action. The deadline has long since passed and Funk has failed to file an amended complaint. Funk has not communicated with the Court in any manner since he initiated the action in June 2018.

## II. DISCUSSION

District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute and for failure to comply with a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (finding the failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief,

warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis); *Azubuko v. Bell National Organization*, 243 F. App'x. 728, 729 (3d Cir. 2007) (recognizing that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" In *Poulis*, the United States Court of Appeals for the Third Circuit set forth the following six factors that should be considered before dismissing an action for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

First, there is no doubt that Funk, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute his claim and to comport with court orders. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Funk initiated the action more than six months ago and, at this point, has failed to

comply with court orders or communicate with the Court in any manner. As such, the first factor weighs in favor of dismissal.

The second factor, prejudice to the adversary, generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Funk's failure to communicate with the Court and to comply with court orders frustrates any progressive forward movement. This failure to communicate clearly prejudices the Defendants' ability to achieve a timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F.App'x. 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Funk has established a history of dilatoriness through his failure to communicate with the Court and to comply with court orders. As noted *supra*, Funk has not communicated with the Court since the inception of the action. The Court finds that Funk has delayed this matter to the extent that his conduct

4

constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008).

As concerns the Fourth factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Funk bears responsibility for the dilatory behavior as he is solely responsible for the lack of communication with the Court and the failure to file an amended complaint, as ordered.

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Funk's *pro se* prisoner status, the Court concludes that he is indigent and, thus, alternative monetary sanctions would not be effective. *See Briscoe*, 538 F.3d at 263.

The final factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. Upon initial review, the Court determined that Funk's complaint violated the Federal Rules of Civil Procedure in that it included claims unrelated to one another and sought relief unavailable in a civil rights action. He has failed to correct these defects and, as such, an evaluation of the merits of the claim or claims Funk seeks to bring cannot be undertaken.

In balancing the *Poulis* factors, no single factor is dispositive, *Ware*, 322 F.3d at 222, and, as noted above, not all of the factors need be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Following a full analysis of the factors, the scale tips heavily in favor of dismissal of the action.

III. CONCLUSION

Based on the above, Funk's action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

A separate Order shall issue.